## MURRAY *versus* CARGILL.

A tenant in common with others, of a meeting-house, may maintain trespass for injuring one of the pews, against a person having no title either in the pew or in the house.

TRESPASS from breaking and entering the plaintiff's pew, No. 47, in a meeting-house.

The plaintiff claimed under a deed from the proprietors, given to him in 1825. He also showed by the proprietor's books, that in 1824 he contributed $60 toward the erection of the house, that being one-half of one share.

The defendant claimed under a deed from the collector of a tax raised for repair of the house.

It appeared that the collector, after his sale to the defendant, paid to the plaintiff the surplus avails of the sale, after deducting the tax and expenses.

The case was submitted for a judgment to be entered by nonsuit or default.

*Converse*, for the plaintiff.

*Ingalls*, for the defendant, contended that the collector's deed passed the title ; and that the plaintiff, by accepting the surplus avails, waived all irregularities in the tax proceedings.

Shepley, C. J., orally. — The tax proceedings were ineffectual. The irregularities and insufficiencies are too many and manifest for question.

The receipt of the surplus avails could neither transfer title to the defendant, nor estop the plaintiff from asserting such title as he might have.

The plaintiff's deed of 1825 was inoperative as a conveyance. Neither party, therefore, shows title to the pew, No. 47.

But the plaintiff aided and took an interest to the amount of half a share, in the erection of the house. However many may have been the whole number of shares, he was a co-tenant of *some part* of the house. It is that co-tenancy, however small its proportion, that enables the plaintiff to recover in this suit. Pews being, by statute, made real estate, the plaintiff is entitled to full costs.

*Defendant defaulted.*